United States District Court
Southern District of Texas
**ENTERED**
May 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JINSON UMAJINGA GUAMANGATE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-305 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Jinson Umajinga Guamangate is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests the procedures that Respondents followed when detaining him and his ongoing detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing.

Petitioner acknowledges the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), but he alleges that the decision does not govern his case because he "was previously found to not pose a risk of flight or danger to the community" and no circumstances have changed. In essence, Petitioner contends that having previously released him under Section 1226, Respondents may not detain him now under Section 1225. As *Buenrostro* explained, however, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro*, 166 F.4th at 505. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 506. Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since he entered the country.

1 / 3

Petitioner also alleges that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond.  Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]

Petitioner also challenges the procedures employed to re-detain him, asserting claims under the Due Process Clause and Administrative Procedure Act. (*See* Pet., Doc. 1, ¶¶ 21, 33–34, 57)  Under this argument, Petitioner contends that Respondents present "no legitimate basis to arrest and detain him . . . now." (*See* Pet., Doc. 1, ¶ 28)  He does not address, however, Respondents' authority to revoke such release under various circumstances. *See, e.g.,* 8 C.F.R. 241.4(l).

Accordingly, it is:

**ORDERED** that by no later than May 26, 2026, Petitioner Jinson Umajinga Guamangate shall file a Statement with the Court in support of his claims for relief, addressing the conclusions that the Court has reached in similar matters and that are identified in this Order.  Petitioner's failure to submit the Statement shall lead the Court to deny his Petition for Writ of Habeas Corpus.

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

Signed on May 13, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge